UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAVON DIXON,

                Plaintiffs,                Case No. 12-11961
                                                  Honorable David M. Lawson

v.

STEVE RIVARD,

                Defendant.
_____/

**<u>OPINION AND ORDER GRANTING MOTION TO HOLD HABEAS PETITION
IN ABEYANCE AND ADMINISTRATIVELY CLOSING THE CASE</u>**

The petitioner, Travon Dixon, presently confined at the St. Louis Correctional Facility in St. Louis, Michigan, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his convictions for assault with intent to rob unarmed, felonious assault, and second-degree murder, which followed a jury trial in the Oakland County, Michigan Circuit Court. The petitioner was convicted of the above offenses following a jury trial in the Circuit Court in Oakland County, Michigan, on January 15, 2009. On February 4, 2009, he was sentenced to concurrent prison terms of eighteen months to fifteen years for the assault-with-intent-to-rob conviction, two to four years for the felonious-assault conviction, and twenty-two-and-one-half to fifty years for the second-degree-murder conviction. In his direct appeals, the petitioner raised the same claims raised in this habeas petition. The state appellate courts affirmed his convictions. *People v. Dixon*, No. 292130, 2010 WL 4628638 (Mich. Ct. App. Nov. 16, 2010); *People v. Dixon*, 489 Mich. 899, 796 N.W.2d 87 (2011) (table).

In his habeas petition, the petitioner raises claims concerning the sufficiency of the evidence with respect to the element of malice, the improper scoring of his sentencing guidelines, and defense

counsel's failure to object to the improper scoring. The petitioner also filed a motion to hold the petition in abeyance, asking the Court to stay his habeas proceedings in order to permit him to return to the state courts to present additional claims that have not been exhausted with the state courts and that are not included in his current habeas petition. He seeks a stay in order to permit him to exhaust new claims concerning the effectiveness of trial counsel and the sufficiency of the evidence. For the

reasons stated below, the Court will grant the petitioner's request, stay the petition, establish conditions under which he must proceed, and administratively close the case.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. See 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *See O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993), *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99 (1995) (citing *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987))). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas relief. *See Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that state-court remedies have been exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (citing *Darr v. Burford*, 339 U.S. 200,

218-19 (1950)).

The United States Supreme Court has held that the filing of a federal habeas petition does not suspend the running of the one-year limitations period under 28 U.S.C. § 2244(d)(2). *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). However, the Supreme Court's decision in *Duncan* did not prevent district courts from "retain[ing] jurisdiction over a meritorious claim and stay[ing] proceedings pending the complete exhaustion of state remedies," or from "deeming the limitations period tolled for [a habeas] petition as a matter of equity." *Id.* at 182-83 (Stevens, J., concurring). The Supreme Court nonetheless has cautioned that a stay is "available only in limited circumstances," such as "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the unexhausted claims are not "plainly meritless," and the petitioner has not "engage[d] in abusive litigation tactics or intentional delay." *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

The exhaustion doctrine turns upon an inquiry as to whether there are state-court procedures available for a habeas petitioner to exhaust his or her claims. *See Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003). In this case, the petitioner's method of properly exhausting his claims in the state courts would be through filing a motion for relief from judgment with the Oakland County Circuit Court under Michigan Court Rule 6.502. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. Mich. Ct. R. 6.509; Mich. Ct. R. 7.203; Mich. Ct. R. 7.302. *Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997).

Although the petitioner has not alleged "cause" for his failure to exhaust his claims first in state court, his unexhausted claims are not "plainly meritless," and he is not "engage[d] in abusive litigation tactics or intentional delay." *Rhines*, 544 U.S. at 277-78. The Court is concerned that a

denial of the petitioner's motion to stay might prevent the petitioner from re-filing a habeas petition following the exhaustion of his claims in the state courts due to the expiration of the statute of limitations. *See* 28 U.S.C. § 2244(d)(1). A common circumstance calling for staying a habeas petition arises when the original petition was timely filed, as was the case here, but a second, exhausted habeas petition would be barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002). The Supreme Court has suggested that a habeas petitioner who is concerned about the possible effects of his or her state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask that the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines*, 544 U.S. at 277).

The Michigan Supreme Court denied the petitioner's application for leave to appeal on April 25, 2011. His convictions then became final ninety days later, on July 24, 2011, when the time during which he could have filed a petition for a writ of certiorari in the United States Supreme Court expired. The one-year limitations period commenced the following day, July 25, 2011. *See Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir.2000) (holding that the last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions). The petitioner filed the pending petition on May 1, 2012. Therefore, if the Court does not toll the limitations period during the pendency of his state-court action, the limitations period will have expired and any subsequent habeas petition filed by him would be untimely.

To avoid injustice, the Court will allow the petitioner to return to state court to exhaust his unexhausted claims, and the Court will stay further proceedings in the current action, provided that the petitioner acts promptly. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). The

petitioner must proceed in the state court within **fifty-six** days of this order. Failure to do so will result in the dismissal of this case without prejudice.

Accordingly, it is **ORDERED** that the petitioner's motion to hold habeas petition in abeyance [dkt. # 3] is **GRANTED**. The petitioner may file a motion for relief from judgment with the state trial court **on or before July 9, 2012**. If the petitioner fails to file a motion for relief from judgment by that date, the Court will dismiss the petitioner for writ of habeas corpus without prejudice.

If the petitioner files a motion for relief from judgment in the trial court, he shall notify this Court that such papers have been filed. The case shall then be held in abeyance pending the petitioner's exhaustion of the unexhausted issues. The petitioner shall file an amended petition in this Court within **twenty-eight days** after the conclusion of the state court proceedings. If the petitioner files an amended petition, the respondent shall file an answer addressing the allegations in the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within **twenty-one days** thereafter.

The Court warns the petitioner that the one-year statute of limitations will not be tolled unless his motion for relief from judgment is "properly filed" and addresses "the pertinent judgment or claim[s]." 28 U.S.C. § 2244(d)(2); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). An application for post-conviction relief is "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) if it is submitted in accordance with the state's procedural requirements. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These procedural requirements usually specify the form of the document, the time limits for delivery, the location for filing a post-conviction motion, and the filing fee. *Ibid*. If, and when, the petitioner returns to federal court with an amended petition, following exhaustion of state remedies, he shall use the same caption and case number as appears on this order.

It is further **ORDERED** that to avoid administrative difficulties the Clerk of the Court **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

                                                      s/David M. Lawson
                                                      DAVID M. LAWSON
                                                      United States District Judge

Dated: May 14, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 14, 2012.

                                                      s/Deborah R. Tofil
                                                    DEBORAH R. TOFIL